IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO. 3:25-cv-719-GNS
*Electronically Filed*

ALLIANT PURCHASING, LLC                                            PLAINTIFF

vs.

PREMIER, INC., PREMIER                                            DEFENDANTS
HEALTHCARE ALLIANCE, L.P.,
NON-HEALTHCARE HOLDINGS, LLC,
and OMNIA PARTNERS, LLC

## VERIFIED COMPLAINT

Alliant Purchasing, LLC ("Alliant"), for its Verified Complaint against Premier, Inc. ("Premier Inc."), Premier Healthcare Alliance, L.P. ("Premier LP"), Non-Healthcare Holdings, LLC ("NHH"), and Omnia Partners, LLC ("Omnia"), states as follows:

### PARTIES

1. Alliant is a limited liability company organized under the laws of the Commonwealth of Kentucky. Alliant's only member is Alliant Holding, LLC, the members of which reside in Kentucky, Indiana, and Ohio. Alliant is therefore a citizen of only Kentucky, Indiana, and Ohio.

2. Premier Inc. is a corporation organized under the laws of the State of Delaware and with a principal place of business in the State of North Carolina and is thus a citizen of only Delaware and North Carolina. Premier may be served with process through its Registered Agent, CT Corporation System, 160 Mine Lake Court, Suite 200, Raleigh, North Carolina 27615, via the Kentucky Secretary of State pursuant to KRS 454.210.

3. Premier LP is a limited partnership organized under the laws of the State of California. On information and belief, all of Omnia's members reside in Delaware and North

Carolina and, therefore, Premier LP is a citizen of only Delaware and North Carolina. Premier LP may be served with process through its Registered Agent, CT Corporation System, 160 Mine Lake Ct Ste 200, Raleigh, NC 27615, via the Kentucky Secretary of State pursuant to KRS 454.210.

4. NHH is a limited liability company organized under the laws of the State of Delaware. On information and belief, all of NHH's members reside in Tennessee and, therefore, NHH is a citizen of only Tennessee. NHH may be served with process through its Registered Agent, The Corporation Trust Company, 1209 Orange Street, Wilmington, Delaware 19801, via the Kentucky Secretary of State pursuant to KRS 454.210.

5. Omnia is a limited liability company organized under the laws of the State of Delaware. On information and belief, all of Omnia's members reside in Tennessee and, therefore, Omnia is a citizen of only Tennessee. Omnia may be served with process through its Registered Agent, CT Corporation System, 300 Montvue Road, Knoxville, Tennessee 37919, via the Kentucky Secretary of State pursuant to KRS 454.210.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a)(1) because there is complete diversity between the parties and because the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

7. This Court has personal jurisdiction over Defendants because the claims at issue arise from Defendants' transaction of business in the Commonwealth of Kentucky, contracting to supply services in this Commonwealth, and causing tortious injury by an act or omission in this Commonwealth. Personal jurisdiction is also proper because Defendants have engaged in substantial and continuous activity within or directed at the Commonwealth of Kentucky, Defendants have availed themselves of the privilege of conducting business in the Commonwealth,

2

the claims at issue against Defendants arise from Defendants' activities conducted in the Commonwealth of Kentucky, and Defendants have a substantial enough connection with the Commonwealth of Kentucky to make the exercise of jurisdiction over it reasonable.

8. Venue is proper in this Court under 28 U.S.C § 1391(b)(2) and (3) because the parties entered into relevant contracts in this district, a substantial part of the events or omissions giving rise to the claim occurred in this district, and because this Court has personal jurisdiction over the Defendants.

9. With respect to Premier LP and NHH, this action is commenced pursuant to section 11.17 of the Premier Agreement and section 11.18 of the NHH Agreement (as those terms are herein defined) ███████████████████████████████████████

## FACTUAL BACKGROUND

### *The Premier Agreement*

10. Premier Inc. is a group purchasing organization ("GPO") that utilizes the buying power of its members to leverage vendors to sell goods and services at discounted rates under its group purchasing program (the "Premier Program").

11. Alliant, also a GPO, entered into a GPO Participation Agreement with Premier LP (the "Premier Agreement") effective July 1, 2015, which allowed Alliant access to the Premier Program for itself and its customers.

12. As reflected throughout the Premier Agreement, ████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

███████████████

13. As a Sponsor, Alliant is ██████████████████████████████ ██████████ In return, Alliant receives ██████████████████████████████ ██████████████████████

14. The Premier Agreement provides ████████████████████████████████ ██████████████████████████

### *The Recruitment and Retention Policy*

15. Premier Inc. and/or Premier LP formulated a Recruitment and Retention Policy (the "R&R Policy") to govern the activities of Premier Program members and, in particular, members with sponsorship rights, like Alliant. A copy of the R&R Policy is attached hereto as **Exhibit 1**.

16. After the R&R Policy was formulated, and consistent with ██████████████ ████████████████████████████████████████████ the Premier Agreement was formally amended by Alliant and Premier LP to provide █████████████ ███████████████████████████████████████████ ██████

17. The R&R Policy ████████████████████████████████████ ████████████████████████████████████████████ ████████████████████████████████████████████ ██████████████████████████

18. The R&R Policy ██████████████████████████████ ██████████████████████████

19. The foundation of Alliant's business is that it extends membership in the Premier Program to healthcare and non-healthcare facilities, █████████████████████ ██████████████████████

20. Alliant has structured its business model and customer relationships in accordance with the contractual assurances in the Premier Agreement, consistent with the R&R Policy, and has sponsored approximately 31,000 Member Facilities, including both healthcare and non-healthcare organizations, in the Premier Program since joining.

### *The NHH Agreement*

21. Upon information and belief, in or around May 2023, Premier Inc. created a limited liability company, NHH, and underwent a restructuring which, among other things, purported to "contribute" all the Premier Program non-healthcare contracts and accounts to NHH.

22. According to Premier Inc.'s SEC filings, Omnia then acquired NHH from Premier Inc. for approximately $680 million.

23. Omnia holds itself out as the largest GPO for non-healthcare entities in the United States.

24. Following the acquisition of NHH, Omnia provided Alliant, as well as other non-healthcare Members and Sponsors, with information about the transaction and confirmed that the acquired contracts and accounts would continue to have access to the Premier Program, that the process for Sponsors to enroll new Member Facilities would remain the same, and that Omnia's acquisition of NHH would not impact Sponsors' "customer growth."

25. Shortly after Omnia's purchase of NHH, Omnia and NHH requested that Alliant enter into a new agreement with NHH regarding Alliant's non-healthcare Member Facilities' continued participation in the Premier Program (the "NHH Agreement" and, collectively with the Premier Agreement, the "GPO Agreements").

26. Omnia's CEO informed Alliant that if Alliant wanted to "continue to grow its non-healthcare business" in the Premier Program, Alliant had to sign the NHH Agreement.

27. With no alternative, Alliant entered into the NHH Agreement.

28. Under the NHH Agreement, ████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████

29. ████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████

30. Indeed, the NHH Agreement ████████████████████████████████

██████████████████████████████████

31. Like the Premier Agreement, the NHH Agreement ████████████████

████████████████████████████████████████████████

32. Also like the Premier Agreement, the NHH Agreement ████████████

████████████████████████████████████████████

### Omnia Purports to Unilaterally "Replace" the R&R Policy

33. On March 28, 2025, Omnia informed Alliant that it was unilaterally issuing a new "Omnia Recruitment and Retention Policy" (the "Omnia R&R Policy"), which Omnia asserted would replace the R&R Policy for non-healthcare accounts "effective immediately." A copy of the Omnia R&R Policy is attached hereto as **Exhibit 2**.

34. The Omnia R&R Policy ████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

35. The Omnia R&R Policy contains several provisions that are aimed directly at Alliant and in particular seek to retroactively provide "cover" for breaches by Omnia and NHH

that are being litigated elsewhere by the parties and to retaliate against Alliant by drastically reducing, if not completely eliminating, Alliant's ability to Sponsor non-healthcare accounts in the Premier Program, thereby destroying Alliant's rights and reasonable expectations under the NHH Agreement and R&R Policy.

36. For example, the Omnia R&R Policy purports to ████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

37. While these restrictions significantly hinder Sponsors' ability to engage in fair competition and do business, ████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████████████████

38. The Omnia R&R Policy also purports to ████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████

39. Moreover, under the Omnia R&R Policy, ████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████

40.    Finally, the Omnia R&R Policy purports that ███████████████

███████████████████████████████████████████

████████████████████████████████████

41.    In sum, through the unilaterally enacted "Omnia R&R Policy", Omnia—despite having no contractual rights under the NHH Agreement—purports to █████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████

██████████████████████████

*Premier Follows Suit and Purports to Unilaterally "Replace" the R&R Policy*

42.    Alliant objected to the unilaterally enacted Omnia R&R Policy, noting that Alliant and NHH were contractually bound to abide by the original R&R Policy issued by Premier, which is expressly incorporated into the GPO Agreements.

43.    Following that objection, however, *Premier* unilaterally enacted a new policy, effective October 1, 2025, to "replace" the R&R Policy that NHH, Premier LP, and Alliant are all bound to (the "New Premier R&R Policy" and, collectively with the Omnia R&R Policy, the "New Policies"). A copy of the New Premier R&R Policy is attached hereto as **Exhibit 3**.

44.    The New Premier R&R Policy was not provided for in a written amendment agreed to by the parties ████████████████████████████████████ is a clear attempt to legitimize Omnia's misconduct and likewise eliminate competition in the healthcare portion of the Premier Program.

45. Indeed, the New Premier R&R provides that ██████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

████████████████████████████████████

46. Moreover, like the Omnia R&R Policy, the New Premier R&R Policy purports to

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████

47. Like the Omnia R&R Policy, the New Premier R&R Policy provides that ████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████

48. And, like the Omnia R&R Policy, the New Premier R&R Policy provides ████████

██████████████████████████████████████████

██████████

## COUNT I: DECLARATORY JUDGMENT (All Defendants)

49. The allegations in the preceding paragraphs of this Complaint are incorporated herein by reference as if set forth fully herein.

50. Where there is an "actual controversy," this Court is vested with the authority to "declare the rights and other legal relations" of the parties. 28 U.S.C. § 2201.

51. An actual controversy exists between the parties regarding the applicability and/or enforceability of the New Policies and declaratory judgment is appropriate.

52. The New Policies are not applicable to the ongoing relationship between Alliant, NHH, and Omnia, and the ongoing relationship between Alliant, Premier LP, and Premier Inc. because, among other things, ███████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

█████████████████████████████████

53. Even if those policies were applicable, the Court should nonetheless find that they are not enforceable because the New Policies are illusory and unsupported by any meeting of the minds or consideration and are void as against public policy, in that they constitute unreasonable restraints of trade and restrict competition.

54. Accordingly, Alliant seeks equitable relief, including specific performance and a declaratory judgment, that the R&R Policy remains in effect and must be utilized by Defendants and that the New Polices are invalid and unenforceable as to Alliant.

## COUNT II: BREACH OF CONTRACT (Premier LP)

55. The allegations in the preceding paragraphs of this Complaint are incorporated herein by reference as if set forth fully herein.

56. The Premier Agreement, as amended, is a valid and binding contract between the parties.

57. The Third Amendment to the Premier Agreement provides ████████████████

████████████████████████████████████████

████████████████████████████████████████

██████████████████████████████

58. The Premier Agreement ████████████████████████████████████

████████

59. There is no such amendment authorizing Premier to ████████████████████

████████████████████████████████████████████████████████████████

████████████

60. Premier's purported enactment of the New Premier R&R Policy, and/or concomitant failure to continue operating under the original and contractually agreed-upon R&R Policy, is a breach of the Premier GPO Agreement.

61. As a direct and proximate result of that breach, Alliant has been damaged in an amount exceeding the jurisdictional minimums of this Court.

62. This claim is advanced solely for the purpose of obtaining injunctive or other equitable relief, including injunctive relief and specific performance, as provided for in the Premier Agreement.

### COUNT III: BREACH OF CONTRACT (NHH)

63. The allegations in the preceding paragraphs of this Complaint are incorporated herein by reference as if set forth fully herein.

64. The NHH Agreement, as amended, is a valid and binding contract between the parties.

65. The NHH Agreement provides ████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

██████████████████████████

66. The NHH Agreement ████████████████████████████████

████████

67. There is no such amendment ████████████████████████

████████████████████████████████████████████████████

████████

68. NHH's purported enactment of the Omnia R&R Policy, and/or concomitant failure to continue operating under the original and contractually-agreed-upon R&R Policy, constitutes a breach of the Premier GPO Agreement. is a breach of the NHH Agreement.

69. As a direct and proximate result of that breach, Alliant has been damaged in an amount exceeding the jurisdictional minimums of this Court.

70. This claim is advanced solely for the purpose of obtaining injunctive or other equitable relief, including injunctive relief and specific performance, as provided for in the Premier Agreement.

### COUNT IV: BREACH OF CONTRACT (All Defendants)

71. The allegations in the preceding paragraphs of this Complaint are incorporated herein by reference as if set forth fully herein.

72. The R&R Policy is a valid and binding contract between the parties.

73. The R&R Policy ████████████████████████████████

████████████████████

74. The purported enactment of the New Polices is a breach of the R&R Policy.

75. As a direct and proximate result of that breach, Alliant has been damaged in an amount exceeding the jurisdictional minimums of this Court.

## COUNT V: BREACH OF CONTRACT – GOOD FAITH AND FAIR DEALING
### (All Defendants)

76. The allegations in the preceding paragraphs of this Complaint are incorporated herein by reference as if set forth fully herein.

77. The GPO Agreements and R&R Policy are valid and binding contracts between the parties.

78. Within every contract, there is an implied covenant of good faith and fair dealing, which imposes on the parties thereto a duty to do everything necessary to carry them out.

79. Defendants' purported enactment of the New Policies, and/or concomitant failure to continue operating under the original and contractually-agreed-upon R&R Policy, is a transparent attempt to deprive Alliant of the benefits of its bargain under the GPO Agreements and the R&R Policy and constitutes a breach of those contracts.

80. As a direct and proximate result of that breach, Alliant has been damaged in an amount exceeding the jurisdictional minimums of this Court.

### COUNT VI: TORTIOUS INTERFERENCE (Omnia and Premier Inc.)

81. The allegations in the preceding paragraphs of this Complaint are incorporated herein by reference as if set forth fully herein.

82. Alliant has valid business relationships and expectancies with its current and potential Member Facilities, as provided for in the GPO Agreements.

83. Alliant also has contractual interests in the GPO Agreements.

84. Alliant's contractual rights and business relationships and expectancies were known to Omnia and Premier Inc.

85. Nonetheless, Omnia and Premier Inc. purported to promulgate the New Policies, interfering with those contractual rights and business relationships.

86. As a direct and proximate result of that interference, Alliant has been damaged.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff demands as follows:

1. A trial by jury on all matters so triable;

2. Declaratory judgment as sought herein;

3. Specific performance of the GPO Agreements and R&R Policy;

4. Injunctive relief, including a temporary restraining order, preliminary injunction, and permanent injunction;

5. Damages, in an amount to be determined at trial, against only Omnia and Premier Inc.

6. An award of Plaintiff's reasonable attorney's fees, expenses, and costs as permitted by contract, common law, or statute;

7. Any and all other relief to which Plaintiff may be entitled.

Respectfully submitted,

*/s/ Grahmn N. Morgan*
Grahmn N. Morgan
Seth T. Church
Lexie J. Elder
DINSMORE & SHOHL LLP
100 West Main Street, Suite 900
Lexington, Kentucky 40507
Telephone: (859) 425-1000
Facsimile: (859) 425-1099
grahmn.morgan@dinsmore.com
seth.church@dinsmore.com
lexie.elder@dinsmore.com
*Counsel for Plaintiff*

# VERIFICATION

I declare that the foregoing is true and correct. Executed on ___November 6___ ,
2025.

Mark Slone, President
Alliant Purchasing, LLC