IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO. 3:25-cv-00719-GNS
*Electronically Filed*

ALLIANT PURCHASING, LLC                                          PLAINTIFF

vs.

PREMIER, INC., PREMIER
HEALTHCARE ALLIANCE, L.P.,
NON-HEALTHCARE HOLDINGS, LLC,
and OMNIA PARTNERS, LLC                                          DEFENDANTS

### PLAINTIFF'S MOTION TO PROVISIONALLY SEAL

Plaintiff, Alliant Purchasing, LLC ("Alliant"), by counsel and pursuant to Federal Rule of

Civil Procedure 5.2(d) and Local Rule 5.6, respectfully moves the Court to enter an Order allowing

Alliant to provisionally file under seal (i) a fully unredacted version of the Verified Complaint to

this action[1] and (ii) Alliant's Motion for a Temporary Restraining Order ("TRO") and Preliminary

Injunction (the "Motion"), as well as Exhibit 1 ("Premier Agreement"), Exhibit 2 ("R&R Policy"),

Exhibit 3 ("NHH Agreement" and, collectively with Exhibit 1, the "GPO Agreements"), Exhibit

4 ("Omnia R&R Policy"), and Exhibit 6 ("New Premier R&R Policy")[2] to that Motion, in order to

allow Defendants time to move to seal those documents if they deem it appropriate. The GPO

Agreements contain identical confidentiality provisions which state that all parties "will regard

and preserve as confidential and not disclose publicly or to any third party any information related

---

[1] Alliant has filed a redacted version of the Verified Complaint to comply with Defendants' prior demands regarding confidentiality. A fully unredacted copy is attached to this motion as Exhibit 1.

[2] The R&R Policy, the Omnia R&R Policy, and the New Premier R&R Policy are also attached to the Verified Complaint as Exhibits 1, 2, and 3, respectively.

to the business of the other Party without such Party's prior written consent." (Premier Agreement § 10.1; NHH Agreement § 10.1).

In other litigation between the parties, Defendants have insisted on strict compliance with the contractual confidentiality provision and sought to have the GPO Agreements filed under seal. Therefore, Alliant requests that the Court provisionally seal Alliant's unredacted Verified Complaint, and its Motion until the earlier of 21 days from the date of this filing or the date of the proposed TRO hearing, to allow Defendants to file their own motion to seal. This remedy is routinely utilized in this circumstance by this Court. *See, e.g., United States ex rel. Scott v. Humana, Inc.*, No. 3:18-CV-00061-GNS-CHL, 2025 U.S. Dist. LEXIS 86075, at *5 (W.D. Ky. May 5, 2025) (allowing for provisional sealing "to allow the other Party time to file a motion to seal information designated as confidential by that Party pursuant to the Parties' confidentiality agreement."); *Sazerac Co., Inc. v. Republic Nat'l Distrib. Co.*, LLC, No. 3:23-cv-00025-GNS-LLK, 2024 U.S. Dist. LEXIS 149519, at *13 (W.D. Ky. Aug. 21, 2024) (allowing provisional sealing where a party was "only filing the motion under its obligations pursuant to the parties' confidentiality agreement.").

<div style="margin-left:45%">

Respectfully submitted,

/s/ Grahmn N. Morgan
Grahmn N. Morgan
Seth T. Church
Lexie J. Elder
DINSMORE & SHOHL LLP
100 W. Main Street, Suite 900
Lexington, Kentucky 40507
Phone: (859) 425-1000
Fax: (859) 425-1099
grahmn.morgan@dinsmore.com
seth.church@dinsmore.com
lexie.elder@dinsmore.com
*Counsel for Plaintiff*

</div>

<div align="center">3</div>

<div align="center">**CERTIFICATE OF SERVICE**</div>

This is to certify that, on November 7, 2025, the foregoing was electronically filed with the Court's e-filing system, which will send notification to all counsel of record.

<div style="margin-left:40%">/s/ Grahmn N. Morgan

*Counsel for Plaintiff*</div>

<div align="center">3</div>