**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
*Electronically Filed*

| | | |
|---|---|---|
| ALLIANT PURCHASING, LLC | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 3:25-CV-00719-GNS |
| | ) | |
| OMNIA PARTNERS, LLC, *et al.* | ) | |
| | ) | |
| DEFENDANTS. | ) | |
| | ) | |

---

**DEFENDANTS' MOTION AND MEMORANDUM OF**
**LAW IN SUPPORT OF MOTION TO TRANSFER AND CONSOLIDATE**

---

Defendants Premier, Inc., and Premier Healthcare Alliance, LLP (collectively, "Premier"), respectfully move to transfer this action, *Alliant Purchasing, LLC v. Omnia Partners, LLC, et al.*, Case No. 3:25-cv-719 (the "New Action"), to the Honorable Judge Claria Horn Boom and consolidate it with *Alliant Purchasing, LLC v. Omnia Partners, LLC, et al.*, Case No. 3:25-cv-6 (the "First-Filed Action"). Transfer and consolidation are proper under Western District of Kentucky Local Rule 40.1(b) and Federal Rule of Civil Procedure 42(b) because both cases involve the same parties, the same underlying contractual instruments, and substantially similar factual allegations and legal issues. Consolidation will conserve judicial resources, avoid inconsistent rulings, and prevent duplication of discovery and motion practice.

Plaintiff Alliant Purchasing, LLC, noted that this case was related to the First-Filed Action in the cover sheet to its Verified Complaint.

<u>Argument</u>

Local Rule 40.1(b) authorizes the Court to transfer or reassign a later-filed case where "the actions involve the same parties and are based on the same or similar claims or arise out of the same transaction or occurrence." LR 40.1(b)(1). The rule's purpose is to promote judicial economy and consistency by having related cases heard by the same judge. Similarly, Fed. R. provides that, "[f]or convenience, to avoid prejudice, or to expedite and economize," a court may consolidate actions involving "a common question of law or fact." Fed. R. Civ. P. 42(b). The Sixth Circuit has consistently approved consolidation where the same parties are involved and the actions arise from a common nucleus of operative facts. *See, e.g., Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993); *Lifepoint Corp. Servs. Partnership v. Wellcare Health Ins. Co. of Kentucky, Inc.,* 2023 WL 5207417, at *1 (E.D. Ky. July 13, 2023) (recognizing broad discretion to consolidate related actions).

Here, the two cases meet the standard required for consolidation. Both cases involve the same parties and contracts. Both cases are between the same plaintiff, Alliant Purchasing, LLC, and the same defendants, Omnia Partners, LLC, and Premier, Inc. Each complaint centers on the Recruitment and Retention Policy ("R&R Policy") adopted by Omnia and Premier and the plaintiff's complaints about sponsorship transfers under that policy. The Amended Complaint in Case No. 3:25-cv-6 expressly attaches and quotes the R&R Policy (Exhibit 1), and the Verified Complaint in Case No. 3:25-cv-719 pleads the same policy language nearly verbatim. Both complaints allege that:

- Premier and Omnia jointly control or administer the R&R Policy;

- The R&R Policy governs the rights of "Sponsors" and "Members" in the Premier Group Purchasing Program;

- Defendants unlawfully restricted transfers of non-healthcare accounts after a "change of control" (R&R Policy § 2.2.6); and

- Defendants' conduct deprived Alliant of sponsorship rights and revenues.

These overlapping allegations confirm that both suits arise from the same operative agreements and conduct.  Both pleadings rely on identical documents—including the R&R Policy, the Non-Healthcare Holdings (NHH) Agreement, and the Premier Program membership rosters.

In addition, common legal questions dominate both actions.  Each case asserts the same causes of action.  Thus, both raise common questions of law concerning:  whether the R&R Policy permits non-healthcare sponsorship transfers following a change of control; whether Omnia and Premier breached fiduciary duties as agents; and whether their conduct constitutes unlawful interference or restraint of trade.  Consolidation will therefore "avoid unnecessary cost or delay" within the meaning of Fed. R. Civ. P. 42(b).

Transferring this case to Judge Boom, who presides over the first-filed action, will allow coordinated discovery and uniform interpretation of the R&R Policy and related agreements. Courts emphasize that consolidation is favored where cases present substantially identical issues and duplicative discovery and motion practice would result absent consolidation.  *Corning, Inc. v. DHL Holdings (USA), Inc.,* 2006 WL 8445177, at *3 (E.D. Ky. Oct. 26, 2006).  Because both actions will involve the same witnesses, the same corporate records, and the same governing documents, transfer will conserve judicial and party resources and avoid inconsistent adjudications.

<u>Conclusion</u>

For the foregoing reasons, Premier respectfully requests that the Court transfer Case No. 3:25-cv-719-GNS to Judge Boom pursuant to LR 40.1(b); that it be consolidated with it with Case No. 3:25-cv-6-CHB under Fed. R. Civ. P. 42(b); and direct all future filings to proceed under the lower-numbered case, *Alliant Purchasing, LLC v. Omnia Partners, LLC, et al.*, No. 3:25-cv-6-CHB.

Respectfully submitted,

/s/ *Kent Wicker*
Kent Wicker
Rick Adams
WICKER / BRAMMELL PLLC
323 West Main Street, 11th Fl.
Louisville, Kentucky 40202
Telephone: (502) 780-6185
kent@wickerbrammell.com
rick@wickerbrammell.com

Harrison S. Carpenter
Ryan Konstanzer
McDermott Will & Schulte LLP
The Brandywine Building
1000 N. West Street, Suite 1400
Wilmington, DE 19801
Telephone:  (302) 485-3909
hcarpenter@mwe.com

*Counsel for Premier, Inc., and Premier Healthcare Alliance, L.P.*

4

5

## CERTIFICATE OF SERVICE

This is to certify that a true copy of the foregoing has been served on this 10th day of November, 2025, via the Court's ECF system, which will send electronic notice to counsel of record.

/s/ *Kent Wicker*
Kent Wicker