| | | |
|---|---|---|
| ALLIANT PURCHASING, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.  3:25-CV-719-CHB |
| | ) | |
| v. | ) | |
| | ) | |
| PREMIER INC., *et al.* | ) | **ORDER GRANTING AGREED** |
| | ) | **STATUS QUO ORDER** |
| Defendants. | ) | |

*** *** *** ***

This matter comes before the Court on the parties' proposed Agreed Status Quo Order, [R. 21],

The Court, upon the agreement of the parties and having reviewed the record and being otherwise

sufficiently advised, **HEREBY ORDERS** as follows:

1.  The parties' proposed Agreed Status Quo Order, [**R. 21**], is **GRANTED**.

2. Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction, **[R. 7]**,

pursuant to Federal Rule of Civil Procedure 65(b) is **REMANDED**.

3. Pending resolution of Plaintiff's request for a preliminary injunction pursuant to Federal Rule

of Civil Procedure 65(a):

a.  Alliant, Premier, Inc., Premier Healthcare Alliance, L.P. ("Premier LP"), OMNIA

Partners, LLC ("OMNIA") and Non-Healthcare Holdings, LLC ("NHH" and collectively with Premier,

Inc., Premier LP and OMNIA, "Defendants") agree that the Recruitment and Retention Policy attached

as Exhibit 1 to the Verified Complaint (the "R&R Policy") shall govern the relationships between

Alliant and Premier LP on the one hand, and between Alliant and NHH on the other hand, subject to

the parties' respective GPO Participation Agreements.

b.  OMNIA and NHH further agree that NHH shall not attempt to enforce, rely on, or

otherwise require compliance with, the Omnia Recruitment and Retention Policy attached as Exhibit 2

to the Verified Complaint (the "Omnia R&R Policy"), as it pertains to Alliant.

c. Premier, Inc. and Premier LP further agree that Premier LP shall not attempt to enforce, rely on, or otherwise require compliance with, the revised Premier Recruitment and Retention Policy attached as Exhibit 3 to the Verified Complaint (the "New Premier R&R Policy" and, together with the Omnia R&R Policy, the "New Policies"), as it pertains to Alliant.

d. Plaintiff, NHH, and OMNIA expressly agree that the parties' respective GPO Agreements and the R&R Policy (and not the New Policies) shall govern any attempt by Alliant to roster a non-healthcare Sub-GPO. In the event that NHH denies Alliant rostering a non-healthcare Sub-GPO pending resolution of the Preliminary Injunction Motion based on the R&R Policy (instead of the New Policies), Alliant agrees that it will not assert that NHH has violated this Agreed Status Quo Order, but expressly reserves all other legal and equitable rights and remedies that Alliant may have with respect to the denial.

4. Nothing in this Agreed Status Quo Order shall prevent Alliant and Premier LP on the one hand, and Alliant and NHH on the other hand, from exercising their rights pursuant to their respective GPO Participation Agreements or arising under the R&R Policy, except as such purported rights are prohibited by this Agreed Status Quo Order. The parties otherwise reserve all claims and defenses regarding the subject matter of the Verified Complaint and motion for a temporary restraining order and preliminary injunction.

5. This Agreed Status Quo Order is entered into for the convenience of the parties and shall not be construed in any way as an admission or concession by any party of any claim or defense, including by any Defendant on any allegation set forth in Plaintiff's Verified Complaint in this Action, Plaintiff's Amended Verified Complaint in 3:25-CV-00006, or the pending Arbitration between Plaintiff, NHH, and Premier LP, or by Plaintiff or any of the Defendants of any factor relevant to the Court's consideration and analysis of the motion for temporary restraining order and/or preliminary injunction.

6. The parties agree and acknowledge that there are specific provisions in the original R&R Policy and the New Policies that are identical. Subject to the terms of this Agreed Status Quo Order, and during the period in which this Agreed Status Quo Order is in place, the parties agree that Premier LP's or NHH's exercise of their respective rights under the R&R Policy (if they are identical to the terms of the New Policies) shall not be construed as a violation of this Agreed Status Quo Order.

7. This Agreed Status Quo Order shall terminate upon the Court's determination of Plaintiff's request for a preliminary injunction.

8. To the extent any party deems discovery necessary for resolution of the Plaintiff's motion for a preliminary injunction, it may serve written discovery requests or deposition notices on another party or parties, or any subpoenas on third parties, on or before December 5, 2025. Any party served with such discovery shall respond within twenty-one days after service, unless granted an extension by the party serving such discovery or the Court. All depositions shall be completed by January 14, 2026.

9. With respect to Plaintiff's request for a preliminary injunction pursuant to Federal Rule of Civil Procedure 65(a), Plaintiff may file a supplement to its motion for preliminary injunction based on information obtained in discovery by **January 28, 2026**. Defendants shall file a response, if any, to that motion on or before **March 2, 2026**. Plaintiff shall file a reply, if any, in support of its motion on or before **March 13, 2026**. No additional or other filings, including sur-replies, will be permitted, unless good cause is shown.

10. A **Hearing** on Plaintiff's request for preliminary injunction is **SET** for **Wednesday, March 18, 2026, at the hour of 10:00 a.m.**, before the Honorable Claria Horn Boom, United States District Judge, at the Gene Snyder Federal Building in **Louisville, Kentucky**. **Counsel SHALL be in the courtroom by no later than 9:30 a.m.**

11.  **By no later than March 11, 2026**, the parties **SHALL** serve on each other party a list of witnesses and exhibits that each party intends to offer at the hearing in substantially the form of the AO 187 form promulgated by the Administrative Office of the Courts.

12.  **By no later than March 13, 2026**, the parties **SHALL** file a joint list of proposed exhibits and witness that each party intends on offering at the hearing.  The lists of witness **SHALL** include an estimation of time for direct, cross-examination, and redirect.

13.  The parties **SHALL** place copies of all proposed exhibits on a flash drive and provide the flash drive to the Court's Case Manager, John Slone, **by no later than March 13, 2026**.

This the 21st day of November, 2025.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY

cc:      Counsel of Record

4