**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

| | |
|---|---|
| ALLIANT PURCHASING, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 3:25-CV-00719-CHB |
| | ) |
| PREMIER, INC., *et al.* | ) |
| | ) |
| Defendants. | ) |
| | ) |

**DEFENDANTS NON-HEALTHCARE HOLDINGS, LLC'S AND OMNIA PARTNERS,**
**LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendants Non-Healthcare Holdings, LLC and OMNIA Partners, LLC ("Defendants"),

by counsel, for their Answer and Affirmative Defenses to Plaintiff's Complaint, state as follows:

**GENERAL RESPONSES**

All allegations in Plaintiff's Complaint that are not specifically admitted shall be deemed

denied.  Defendants have responded to all numbered paragraphs in Plaintiff's Complaint. To the

extent that the headings of Plaintiff's Complaint could be construed as allegations, Defendants

deny the same.

**RESPONSES TO SPECIFIC ALLEGATIONS**

1.      Defendants are without knowledge or information sufficient to form a belief as to

the truth of the allegations contained in Paragraph 1 of Plaintiff's Complaint, and therefore, deny

the same, except that Defendants admit only that Plaintiff is a limited liability company organized

under the laws of the Commonwealth of Kentucky.

2.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of Plaintiff's Complaint, and therefore, deny the same.

3.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of Plaintiff's Complaint, and therefore, deny the same.

4.     With respect to the allegations contained in Paragraph 4 of Plaintiff's Complaint, Defendants admit only that NHH is a limited liability company organized under the laws of the State of Delaware. Defendants deny that all of NHH's members reside in Tennessee, that it is a citizen of Tennessee only, and that The Corporation Trust Company, is its Registered Agent. The remaining allegations contained in Paragraph 4 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the remaining allegations contained in Paragraph 4 of Plaintiff's Complaint.

5.     With respect to the allegations contained in Paragraph 5 of Plaintiff's Complaint, Defendants admit only that OMNIA is a limited liability company organized under the laws of the State of Delaware. Defendants deny that all of OMNIA's members reside in Tennessee, that it is a citizen of Tennessee only, and that The Corporation Trust Company, is its Registered Agent. The remaining allegations contained in Paragraph 5 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the remaining allegations contained in Paragraph 5 of Plaintiff's Complaint.

6.     Paragraph 6 of Plaintiff's Complaint states legal conclusions to which no response is required. To the extent a response is required, Defendants are without knowledge or information

2

sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of Plaintiff's Complaint and, therefore, deny the same.

7.    Plaintiff's Complaint seeks relief that is neither injunctive nor equitable, and therefore, is subject to mandatory Arbitration pursuant to Section 11.18 of the NHH Agreement. Defendants further deny OMNIA contracted with Plaintiff. Answering further, Paragraph 7 of Plaintiff's Complaint states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8.    Plaintiff's Complaint seeks relief that is neither injunctive nor equitable, and therefore, is subject to mandatory Arbitration pursuant to Section 11.18 of the NHH Agreement. Defendants further deny OMNIA contracted with Alliant. Answering further, Paragraph 8 of Plaintiff's Complaint states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9.    The Premier Agreement and NHH Agreement referenced in Paragraph 9 of Plaintiff's Complaint are documents that speak for themselves, and Defendants deny any characterizations thereof. Furthermore, Plaintiff's Complaint seeks relief that is neither injunctive nor equitable, and therefore, is subject to mandatory Arbitration. Answering further, Plaintiff has materially breached Section 11.18 of the NHH Agreement subjecting Plaintiff to Termination for Cause under Section 7.4 of the NHH Agreement. Defendants further deny all allegations in Paragraph 9 of Plaintiff's Complaint, except that Defendants admit only that Plaintiff purports to have commenced this action pursuant to Section 11.17 of the Premier Agreement and Section 11.18 of the NHH Agreement, as those terms are defined in Plaintiff's Complaint. Defendants

further deny that the referenced agreements provide Plaintiff any basis for seeking relief against Defendants.

10.     Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 10 of Plaintiff's Complaint, and therefore, deny the same, except that Defendants admit only that Premier Inc. is a group purchasing organization.

11.     The Premier Agreement referenced in Paragraph 11 of Plaintiff's Complaint is a document that speaks for itself, and Defendants deny any characterizations thereof. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 11 of Plaintiff's Complaint, and therefore, deny the same, except that Defendants admit that Alliant is a group purchasing organization.

12.     The Premier Agreement referenced in Paragraph 12 of Plaintiff's Complaint is a document that speaks for itself, and Defendants deny any characterizations thereof. Defendants are without knowledge or information sufficient to form a belief as to the truth of any remaining allegations contained in Paragraph 12 of Plaintiff's Complaint, and therefore, deny the same.

13.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of Plaintiff's Complaint, and therefore, deny the same.

14.     The Premier Agreement referenced in Paragraph 14 of Plaintiff's Complaint is a document that speaks for itself, and Defendants deny any characterizations thereof.

15.     The R&R Policy referenced in Paragraph 15 of Plaintiff's Complaint is a document that speaks for itself, and Defendants deny any characterizations thereof. Defendants admit only so much of the allegations in Paragraph 15 of Plaintiff's Complaint that Premier Inc. and/or Premier LP issue numerous policies, including their Recruitment and Retention Policies that govern those within

4

their Program. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 15 of Plaintiff's Complaint, and therefore, deny the same.

16. The Premier Agreement referenced in Paragraph 16 of Plaintiff's Complaint is a document that speaks for itself, and Defendants deny any characterizations thereof. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 16 of Plaintiff's Complaint, and therefore, deny the same.

17. The R&R Policy referenced in Paragraph 17 of Plaintiff's Complaint is a document that speaks for itself, and Defendants deny any characterizations thereof.

18. The R&R Policy referenced in Paragraph 18 of Plaintiff's Complaint is a document that speaks for itself, and Defendants deny any characterizations thereof.

19. The R&R Policy referenced in Paragraph 19 of Plaintiff's Complaint is a document that speaks for itself, and Defendants deny any characterizations thereof. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 19 of Plaintiff's Complaint, and therefore, deny the same.

20. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of Plaintiff's Complaint, and therefore, deny the same.

21. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of Plaintiff's Complaint, and therefore, deny the same, except that Defendants admit only that Premier Inc. created a limited liability company, NHH, to which it contributed numerous Premier Program non-healthcare contracts and accounts.

5

22.     The SEC filings referenced in Paragraph 22 of Plaintiff's Complaint are documents that speak for themselves, and Defendants deny any characterizations thereof. Defendants further deny the amount listed in Paragraph 22 of Plaintiff's Complaint. Defendants deny any remaining allegations contained in Paragraph 22 of Plaintiff's Complaint.

23.     Defendants admit only so much of the allegations contained in Paragraph 23 of Plaintiff's Complaint that OMNIA is one of the largest and most experienced GPOs in the United States. Defendants deny any remaining allegations contained in Paragraph 23 of Plaintiff's Complaint.

24.     Defendants admit only so much of the allegations contained in Paragraph 24 of Plaintiff's Complaint that NHH confirmed to Alliant that Alliant and its non-healthcare members could continue to have access to the Premier Program through NHH following OMNIA's acquisition of NHH in accordance with the NHH Agreement and the applicable policies for Premier's Program. Defendants deny the remaining allegations contained in Paragraph 24 of Plaintiff's Complaint.

25.     Defendants deny the allegations contained in Paragraph 25 of Plaintiff's Complaint, except that Defendants admit only that NHH requested that Alliant enter into a new agreement with NHH regarding Alliant's non-healthcare Member Facilities' continued participation in the Premier Program.

26.     Defendants deny Alliant had to sign the NHH Agreement. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 26 of Plaintiff's Complaint, and therefore, deny the same.

27.     Defendants deny the allegations contained in Paragraph 27 of Plaintiff's Complaint, except that Defendants admit only that Alliant entered into the NHH Agreement.

28.     The NHH Agreement referenced in Paragraph 28 of Plaintiff's Complaint is a document that speaks for itself, and Defendants deny any characterizations thereof.

29.     The R&R Policy and the NHH Agreement referenced in Paragraph 29 of Plaintiff's Complaint are documents that speak for themselves, and Defendants deny any characterizations thereof.

30.     The NHH Agreement referenced in Paragraph 30 of Plaintiff's Complaint is a document that speaks for itself, and Defendants deny any characterizations thereof.

31.     Regarding the allegations contained in Paragraph 31 of Plaintiff's Complaint, Defendants admit only that the NHH Agreement references Premier's policies, including the Recruitment and Retention Policy. Furthermore, the Premier Agreement, the NHH Agreement, and the Premier policies referenced in Paragraph 31 of Plaintiff's Complaint are documents that speak for themselves, and Defendants deny any characterizations thereof. Defendants deny any remaining allegations contained in Paragraph 31 of Plaintiff's Complaint.

32.     Defendants deny the allegations contained in Paragraph 32 of Plaintiff's Complaint.

33.     Defendants deny the allegations contained in Paragraph 33 of Plaintiff's Complaint, except that Defendants admit only that NHH informed Alliant that NHH was issuing the OMNIA B&I R&R Policy to replace the prior R&R Policy, as was its right under the R&R Policy, the NHH Agreement, and its Channel Partnership Agreement with Premier LP.

34.     Defendants deny the allegations contained in Paragraph 34 of Plaintiff's Complaint.

35.     Defendants deny the allegations contained in Paragraph 35 of Plaintiff's Complaint.

36.     Defendants deny the allegations contained in Paragraph 36 of Plaintiff's Complaint.

37.     The OMNIA B&I R&R Policy referenced in Paragraph 37 of Plaintiff's Complaint is a document that speaks for itself, and Defendants deny any characterizations thereof. Defendants further deny all remaining allegations in Paragraph 37 of Plaintiff's Complaint.

38.     The OMNIA B&I R&R Policy referenced in Paragraph 38 of Plaintiff's Complaint is a document that speaks for itself, and Defendants deny any characterizations thereof. Defendants further deny all remaining allegations in Paragraph 38 of Plaintiff's Complaint.

39.     The OMNIA B&I R&R Policy referenced in Paragraph 39 of Plaintiff's Complaint is a document that speaks for itself, and Defendants deny any characterizations thereof. Defendants further deny all remaining allegations in Paragraph 39 of Plaintiff's Complaint.

40.     The OMNIA B&I R&R Policy referenced in Paragraph 40 of Plaintiff's Complaint is a document that speaks for itself, and Defendants deny any characterizations thereof. Defendants further deny all remaining allegations in Paragraph 40 of Plaintiff's Complaint.

41.     Defendants deny the allegations contained in Paragraph 41 of Plaintiff's Complaint.

42.     Defendants admit only so much of the allegations contained in Paragraph 42 of Plaintiff's Complaint that Alliant complained about the OMNIA B&I R&R Policy when it became effective. Defendants deny the remaining allegations contained in Paragraph 42 of Plaintiff's Complaint.

43.     Defendants deny the allegations contained in Paragraph 43 of Plaintiff's Complaint, except that Defendants admit only that Premier enacted the New Premier R&R Policy.

8

44.     Defendants deny the allegations contained in Paragraph 44 of Plaintiff's Complaint.

45.     The New Premier R&R Policy referenced in Paragraph 45 of Plaintiff's Complaint is a document that speaks for itself, and Defendants deny any characterizations thereof. Defendants further deny all remaining allegations contained in Paragraph 45 of Plaintiff's Complaint.

46.     The OMNIA B&I R&R Policy, the New Premier R&R Policy, the Premier Agreement, and R&R Policy referenced in Paragraph 46 of Plaintiff's Complaint are documents that speak for themselves, and Defendants deny any characterizations thereof. Defendants deny all remaining allegations contained in Paragraph 46 of Plaintiff's Complaint.

47.     The OMNIA B&I R&R Policy and the New Premier R&R Policy referenced in Paragraph 47 of Plaintiff's Complaint are documents that speak for themselves, and Defendants deny any characterizations thereof.

48.     The OMNIA B&I R&R Policy and the New Premier R&R Policy referenced in Paragraph 48 of Plaintiff's Complaint are documents that speak for themselves, and Defendants deny any characterizations thereof.

### COUNT I:  DECLARATORY JUDGMENT (All Defendants)

49.     Defendants incorporate by reference their answers to the allegations contained in Paragraphs 1 through 48 of Plaintiff's Complaint as if fully set forth herein.

50.     Paragraph 50 of Plaintiff's Complaint states legal conclusions to which no response is required. To the extent a response is required, Defendants refer to the statutory provision referenced in Paragraph 50 of Plaintiff's Complaint for a complete statement of its contents and

deny any characterizations thereof. Defendants deny any remaining allegations contained in Paragraph 50 of Plaintiff's Complaint.

51. With respect to the allegations contained in Paragraph 51 of Plaintiff's Complaint, Defendants admit only that a controversy exists between the parties regarding the applicability and/or enforceability of the New Policies. Defendants deny any remaining allegations contained in Paragraph 51 of Plaintiff's Complaint and further deny that Plaintiff is entitled to the declaratory relief it seeks.

52. Defendants deny the allegations contained in Paragraph 52 of Plaintiff's Complaint.

53. Defendants deny the allegations contained in Paragraph 53 of Plaintiff's Complaint.

54. Defendants deny the allegations in Paragraph 54 of Plaintiff's Complaint as it seeks relief that is neither injunctive nor equitable, and therefore, is subject to mandatory Arbitration. Answering further, Plaintiff has materially breached Section 11.18 of the NHH Agreement subjecting Plaintiff to Termination for Cause under Section 7.4 of the NHH Agreement. Defendants deny any remaining allegations in Paragraph 54 of Plaintiff's Complaint and further deny that Plaintiff is entitled to the relief it seeks.

### COUNT II:  BREACH OF CONTRACT (Premier LP)

55. Defendants incorporate by reference their answers to the allegations contained in Paragraphs 1 through 54 of Plaintiff's Complaint as if fully set forth herein.

56. Paragraph 56 of Plaintiff's Complaint is not directed to these Defendants, calls for conclusions of law, and no response is required. To the extent a response is required, the Premier Agreement referenced in Paragraph 56 of Plaintiff's Complaint is a document that speaks for itself, and Defendants deny any characterizations thereof. Defendants deny any remaining allegations contained in Paragraph 56 of Plaintiff's Complaint.

10

57.     Paragraph 57 of Plaintiff's Complaint is not directed to these Defendants, calls for conclusions of law, and no response is required. To the extent a response is required, the Premier Agreement and Third Amendment referenced in Paragraph 57 of Plaintiff's Complaint are a documents that speak for themselves, and Defendants deny any characterizations thereof. Defendants deny any remaining allegations contained in Paragraph 57 of Plaintiff's Complaint.

58.     Paragraph 58 of Plaintiff's Complaint is not directed to these Defendants, calls for conclusions of law, and no response is required. To the extent a response is required, the Premier Agreement referenced in Paragraph 58 of Plaintiff's Complaint is a document that speaks for itself, and Defendants deny any characterizations thereof. Defendants deny any remaining allegations contained in Paragraph 58 of Plaintiff's Complaint.

59.     Paragraph 59 of Plaintiff's Complaint is not directed to these Defendants, calls for conclusions of law, and no response is required. To the extent a response is required, the Premier Agreement referenced in Paragraph 59 of Plaintiff's Complaint is a document that speaks for itself, and Defendants deny any characterizations thereof. Defendants deny any remaining allegations contained in Paragraph 59 of Plaintiff's Complaint.

60.     Paragraph 60 of Plaintiff's Complaint is not directed to these Defendants, calls for conclusions of law, and no response is required. To the extent a response is required, the Premier Agreement referenced in Paragraph 60 of Plaintiff's Complaint is a document that speaks for itself, and Defendants deny any characterizations thereof. Defendants deny any remaining allegations contained in Paragraph 60 of Plaintiff's Complaint.

61.     Paragraph 61 of Plaintiff's Complaint is not directed to these Defendants, calls for conclusions of law, and no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 61 of Plaintiff's Complaint.

62.     Paragraph 62 of Plaintiff's Complaint is not directed to these Defendants, calls for conclusions of law, and no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 62 of Plaintiff's Complaint.

## COUNT III:  BREACH OF CONTRACT (NHH)

63.     Defendants incorporate by reference their answers to the allegations contained in Paragraphs 1 through 62 of Plaintiff's Complaint as if fully set forth herein.

64.     With respect to the allegations contained in Paragraph 64 of Plaintiff's Complaint, Defendants admit only that the NHH Agreement, as amended, is a valid and binding contract between NHH and Plaintiff. Defendants deny any remaining allegations contained in Paragraph 64 of Plaintiff's Complaint and further deny that OMNIA is a party to the NHH Agreement.

65.     Defendants deny the allegations contained in Paragraph 65 of Plaintiff's Complaint.

66.     The NHH Agreement referenced in Paragraph 66 of Plaintiff's Complaint is a document that speaks for itself, and Defendants deny any characterizations thereof. Defendants deny all remaining allegations contained in Paragraph 66 of Plaintiff's Complaint.

67.     Defendants deny the allegations contained in Paragraph 67 of Plaintiff's Complaint.

68.     Defendants deny the allegations contained in Paragraph 68 of Plaintiff's Complaint.

69.     Defendants deny the allegations contained in Paragraph 69 of Plaintiff's Complaint.

70.     Defendants deny the allegations contained in Paragraph 70 of Plaintiff's Complaint.

## COUNT IV:  BREACH OF CONTRACT (All Defendants)

71.     Defendants incorporate by reference their answers to the allegations contained in Paragraphs 1 through 70 of Plaintiff's Complaint as if fully set forth herein.

72.     The allegations contained in Paragraph 72 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants

deny the allegations contained in Paragraph 72 of Plaintiff's Complaint. Defendants further deny that OMNIA is a party to the NHH Agreement.

73.     The R&R Policy referenced in Paragraph 73 of Plaintiff's Complaint is a document that speaks for itself, and Defendants deny any characterizations thereof.

74.     Defendants deny the allegations contained in Paragraph 74 of Plaintiff's Complaint.

75.     Defendants deny the allegations contained in Paragraph 75 of Plaintiff's Complaint.

## COUNT V:  BREACH OF CONTRACT – GOOD FAITH AND FAIR DEALING
### (All Defendants)

76.     Defendants incorporate by reference their answers to the allegations contained in Paragraphs 1 through 75 of Plaintiff's Complaint as if fully set forth herein.

77.     The allegations contained in Paragraph 77 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 77 of Plaintiff's Complaint, except that Defendants admit only that the NHH Agreement is a valid and binding contract between NHH and Plaintiff. Defendants deny that OMNIA is a party to the NHH Agreement.

78.     The allegations contained in Paragraph 78 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 78 of Plaintiff's Complaint.

79.     Defendants deny the allegations contained in Paragraph 79 of Plaintiff's Complaint.

80.     Defendants deny the allegations contained in Paragraph 80 of Plaintiff's Complaint.

## COUNT VI:  TORTIOUS INTERFERENCE (OMNIA and Premier Inc.)

81.     Defendants incorporate by reference their answers to the allegations contained in Paragraphs 1 through 80 of Plaintiff's Complaint as if fully set forth herein.

82.    The GPO Agreements referenced in Paragraph 82 of Plaintiff's Complaint are documents that speak for themselves, and Defendants deny any characterizations thereof. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 82 of Plaintiff's Complaint and, therefore, deny the same.

83.    With respect to the allegations contained in Paragraph 83 of Plaintiff's Complaint, Defendants admit only that the NHH Agreement is a valid and binding contract between NHH and Plaintiff. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 83 of Plaintiff's Complaint, and therefore, deny the same.

84.    Defendants deny the allegations contained in Paragraph 84 of Plaintiff's Complaint that pertain to them. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 84 of Plaintiff's Complaint, and therefore, deny the same.

85.    Defendants deny the allegations contained in Paragraph 85 of Plaintiff's Complaint.

86.    Defendants deny the allegations contained in Paragraph 86 of Plaintiff's Complaint.

**ANSWER TO PRAYER FOR RELIEF**

Defendants deny that Plaintiff is entitled to any relief sought in the prayer for relief. Furthermore, Plaintiff's Complaint seeks relief that is neither injunctive nor equitable, and therefore, is subject to mandatory Arbitration. Thus, Plaintiff has materially breached Section 11.18 of the NHH Agreement subjecting Plaintiff to Termination for Cause under Section 7.4 of the NHH Agreement.

**AFFIRMATIVE DEFENSES**

1.      Plaintiff's Complaint fails to state a claim upon which relief may be granted.

2.      Plaintiff's claims are barred by applicable statutes of limitations.

3.      Plaintiff's claims are barred by the doctrines of unclean hands, waiver, estoppel, laches, and other equitable doctrines.

4.      Plaintiff's claims are subject to mandatory Arbitration under Section 11.18 of the NHH Agreement in that relief sought is neither injunctive nor equitable, and therefore all Plaintiff's claims should be arbitrated in the pending Arbitration between Plaintiff, Non-Healthcare Holdings, LLC and Premier LP.

5.      Plaintiff's claims are subject to mandatory Arbitration under Section 11.18 of the NHH Agreement in that relief sought is neither injunctive nor equitable, and therefore Plaintiff has materially breached Section 11.18 of the NHH Agreement subjecting Plaintiff to Termination for Cause under Section 7.4 of the NHH Agreement.

6.      Plaintiff's claims are barred by Section 11.18 of the NHH Agreement because Plaintiff failed to first attempt to resolve disputes through one or more meetings of the principals of the parties prior to initiating this action.

15

7.      Plaintiff's claims for declaratory relief, specific performance, injunctive relief, attorneys' fees, costs, and expenses are prohibited by applicable law.

8.      Defendants did not cause any injury, loss, or damages alleged by Plaintiff.

9.      Plaintiff's claims fail because Plaintiff's damages, if any, were caused, if at all, by the wrongful and/or negligent conduct of individuals and/or entities other than Defendants, including Plaintiff, and were not the proximate result of any act, omission, or breach by Defendants.

10.     Plaintiff's claims fail because Plaintiff's damages, if any, were caused, if at all, by independent, intervening, and/or superseding intentional and/or negligent acts, and Plaintiff is, therefore, barred from recovering from Defendants.

11.     Plaintiff's claims for damages are barred by the express terms of the NHH Agreement, and Defendants incorporate the terms of the NHH Agreement as if fully stated herein.

WHEREFORE, Defendants reserve the right to amend this Answer and Affirmative Defenses at an appropriate later date, reserve the right to file Motions to Dismiss and/or Motions for Judgment on the Pleadings, and hereby respectfully request:

(a)     Arbitration be ordered;

(b)     Dismissal of Plaintiff's Complaint with prejudice and that Plaintiff take nothing thereby; and

(c)     That Defendants be awarded any and all other relief to which they may be entitled, including, but not limited to, costs, expenses, and attorneys' fees.

Respectfully submitted,

FROST BROWN TODD LLP

*/s/ Jeremiah A. Byrne*
Jeremiah A. Byrne
J. Kendrick Wells IV
400 W. Market St., 32nd Floor
Louisville, KY  40202
(502) 589-5400
(502) 581-1087
jbyrne@fbtlaw.com
kwells@fbtlaw.com
*Counsel for Defendants Non-Healthcare Holdings, LLC and OMNIA Partners, LLC*

17

## CERTIFICATE OF SERVICE

I hereby certify that on the 3d day of December 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will serve notice on all parties registered to receive notice in this case, and that a true and correct copy of the foregoing was served this 3d day of December 2025 by electronic mail to the following:

Grahmn N. Morgan
Seth T. Church
Lexie J. Elder
Dinsmore & Shohl LLP
100 W. Main St., Suite 900
Lexington, KY  40507
grahmn.morgan@dinsmore.com
seth.church@dinsmore.com
lexie.elder@dinsmore.com
*Counsel for Plaintiff*

Kent Wicker
Rick Adams
Wicker Brammell PLLC
323 W. Main St.
11th Floor
Louisville, KY  40202
kent@wickerbrammell.com
rick@wickerbrammell.com
kayla@wickerbrammell.com
*Counsel for Defendant, Premier, Inc.*

Harrison S. Carpenter
Ryan Konstanzer
McDermott Will & Emery LLP
1000 N. West St., Suite 1400
Wilmington, DE  19801
hcarpenter@mwe.com
rkonstanzer@mwe.com
mcrosalesdelprado@mwe.com
mdelabarre@mwe.com
*Counsel for Defendant, Premier, Inc.*

      */s/ Jeremiah A. Byrne*
      *Counsel for Defendants Non-Healthcare Holdings, LLC and OMNIA Partners, LLC*

0159667.0799327   4913-0676-9530v4

18